CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 24 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, | Criminal Case No. 7:06-cr-00007-1 |
| v. | **2255 – MEMORANDUM OPINION** |
| JAMAL EDWARD CRUMP. | By: Samuel G. Wilson<br>United States District Judge |

Jamal Edward Crump, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, claiming that his 2006 plea and sentence for distributing five grams or more of a mixture or substance containing cocaine base are invalid on a number of grounds. By conditional filing order, entered February 9, 2012, the court notified Crump that his petition appeared to be untimely and gave him the opportunity to present any other information regarding the timeliness of his motion. Crump has responded, and the court finds that § 2255's one-year statute of limitations bars his motion. Therefore, the court denies Crump's motion.

**I.**

On February 2, 2006, a grand jury in the Western District of Virginia indicted Crump on two counts of distributing five grams or more of cocaine base in August 2005, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On April 10, 2006 United States filed an information pursuant to 21 U.S.C. § 851(a)(1) based upon an earlier conviction that had the effect of enhancing his statutory imprisonment range from five to forty years to ten to life. On April 13, 2006, pursuant to a written plea agreement, Crump pled guilty to Count One of the Indictment. Crump's plea agreement expressly waived his right to appeal and collaterally attack his judgment and sentence. Crump's presentence report noted that he had three predicate offenses, one more

than necessary to qualify him as a career offender under United States Sentencing Guideline § 4B 1.1, producing a guideline imprisonment range of 292 to 365 months.[1] On June 30, 2006, the court sentenced Crump to 320 months incarceration. Crump appealed, and the Court of Appeals affirmed his conviction and sentence on March 27, 2007. Crump then filed a petition for writ of certiorari to the Supreme Court of the United States, which that Court denied on October 1, 2007. On October 6, 2008, Crump requested an extension of time to file a motion pursuant to § 2255, and this court denied his request without prejudice on October 19, 2008. Crump filed his current § 2255 motion on January 31, 2012.[2]

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255. For purposes of the one-year limitations period, the defendant's conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a

---

[1] A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[2] To protect the rights of prisoners who have no control over the processing of papers delivered to prison officials for mailing, the filing date for statute of limitations purposes is deemed to be the date that the complaint or petition is delivered to the prison mail room. See Houston v. Lack, 487 U.S. 266, 270–72, 276 (1988); Lewis v. Richmond City Police Dep't., 947 F.2d 733 (4th Cir. 1991). Although the court received Crump's motion on February 6, 2012, he signed his motion on January 31, 2012 and stated, under penalty of perjury, that he placed his motion in the prison mailing system on the date he signed it. Therefore, the court finds that Crump filed his motion on January 31, 2012.

2

certiorari petition expires." Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Crump's conviction became final on October 1, 2007, when the Supreme Court denied his petition for writ of certiorari. However, Crump waited more than three years to file his § 2255 motion. Accordingly, the one-year statute of limitations bars Crump's petition unless the one-year statute of limitations began to run on a date later than the date his conviction became final or unless Crump demonstrates grounds for equitable tolling.[3]

Crump has responded to the court's conditional filing order,[4] contending that the statute of limitations does not bar his motion because: (1) of the "intervening decision" in United States v. DePierre, 131 S.Ct. 2225 (2011); and (2) of the Fair Sentencing Act. Neither contention has any validity. First, DePierre is not retroactively applicable to cases on collateral review, and even if it were it would offer no support to Crump's claims. DePierre held that the text of former 21 U.S.C. § 841(b)(1)(A)(iii), wherein 50 grams or more of "cocaine base" triggered a mandatory minimum 10-year sentence, did not simply encompass "crack cocaine" but rather any

---

[3] Equitable tolling only applies in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

[4] Initially, his motion to set aside plea and sentence offered three reasons as to why the one-year statute of limitations of § 2255 does not bar his motion: (1) "the district court did not properly notify or warn [him] of the consequences [of a] second or successive recharacterization of [an] initial § 2255, as required by Castro v. United States, [540 U.S. 375 (2003)];" (2) the "intervening decision" in Bond v. United States, 131 S.Ct. 2355 (2011) affects his claim; and (3) his plea was not intelligent and voluntary. Crump's arguments and reasoning concerning these matters are hard to follow. It suffices to say that: this is Crump's first § 2255, and the court has not previously recharacterized any of Crump's previous motions as a motion pursuant to § 2255 so as to implicate Castro's holding in any way; Bond, which held that defendant had prudential standing to challenge his statute of conviction as violating the Tenth Amendment, does not establish a right which the Supreme Court has newly recognized and made retroactively applicable to cases on collateral review; and Crump's claim that his guilty plea was not intelligent and voluntary is in no way excepted from the one-year statute of limitations.

3

form of cocaine in its "basic form." The indictment against Crump alleged that he distributed "cocaine base also known as 'crack,'" and the evidence in support of the plea referred to the substance distributed as "crack cocaine." Second, the Fair Sentencing Act does not apply retroactively to defendants sentenced before the effective date of the Act. See United States v. Bullard, 645 F.3d 237, 248–49 (4th Cir. 2011).[5]

Accordingly, the court finds that Crump's conviction became final on October 1, 2007, that the one-year statute of limitations began to run from that date, that his current motion is more than three years late, and that Crump has not demonstrated grounds for equitable tolling.[6] It follows that Crump's motion is untimely, and the court denies it on that ground.

## III.

For the reasons stated, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the court dismisses Crump's § 2255 motion as untimely.

**Enter:** February 24, 2012.

UNITED STATES DISTRICT JUDGE

---

[5] The court also notes that it has previously denied Crump's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Guideline Amendment 750, finding that he was not eligible for a reduction because Crump's total offense level and resulting custody range were produced by the career offender guideline, which is not affected by the Amendment.

[6] To the extent Crump may be arguing that the statute of limitations should not apply in his case because he is actually innocent, his claim fails. In order to succeed on a claim of actual innocence, Crump must demonstrate that no reasonable juror would convict him in light of new evidence not presented at trial. See Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327–28 (1995)). Here, Crump points to nothing remotely capable of satisfying that burden.

4