CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 09 2015

JULIA ____, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 7:06CR00007-1 |
| | (CASE NO 7:14-cv-80800) |
| v. | MEMORANDUM OPINION |
| JAMAL EDWARD CRUMP, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Jamal Edward Crump, a federal inmate proceeding pro se, has submitted a pleading that he titles: "Motion to Dismiss Pursuant to F.R.Cv.P. 12(h)(3) – Lack of Subject-Matter Jurisdiction" (ECF No. 98) and memorandum in support. Crump contends that under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court can find at any time that it had no jurisdiction to preside over Crump's criminal charges and can simply dismiss the criminal judgment on that ground. After review of the record in this case and Crump's current submission, the court concludes that it must be denied under Rule 12(h)(3) as without merit; be construed as a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255; and be summarily dismissed as successive.[1]

Crump is confined pursuant to the judgment of this court entered in June 2006, whereby he was convicted of possession with intent to distribute five grams or more of cocaine base and sentenced to a prison term. Crump asserts that the court can simply dismiss this criminal judgment under Rule 12(h). This rule authorizes civil litigants to move for dismissal of claims filed against them in civil cases. The court finds no respect, however, in which this civil rule authorizes an action by a criminal defendant to invalidate a criminal conviction. See, e.g., Fed.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that defendant is not entitled to relief.

R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a *civil* nature") (emphasis added). Therefore, Crump's motion to dismiss his criminal judgment under Rule 12(h), has no merit and must be denied.

Because Crump appears to be asserting grounds on which he believes his continued confinement under the challenged judgment violates federal law, the court construes his motion as one seeking to vacate, set aside or correct the judgment or sentence under § 2255. Crump has already pursued a § 2255 motion regarding this judgment, however. See United States v. Crump, Case No.7:06CR00007-1, 2012 U.S. Dist. LEXIS 23179 (W.D. Va. 2012), appeal dismissed, 474 F. App'x 241 (4th Cir. 2012) (unpublished).[2] This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Crump offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, the court must dismiss his current action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 9th day of February, 2015.

                                                                                                 Chief United States District Judge

---

[2] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."