CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:06CR00007-1 |
| | ) | (CASE NO. 7:17CV81281) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| JAMAL EDWARD CRUMP, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Jamal Edward Crump, a federal inmate proceeding pro se, has submitted a pleading that he titles: "§ 3742(g)(2) REVIEW OF SENTENCE" (ECF No. 112). Crump contends that under this section, the court must resentence him because he was improperly sentenced under the career offender sentencing guideline. Because Crump's submission challenges the validity of his sentence as imposed, the court construed and docketed it as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. After consideration of the record, the court concludes that the motion must be summarily dismissed as successive.[1]

Crump is confined pursuant to the judgment of this court entered in June 2006, whereby he was convicted of possession with intent to distribute five grams or more of cocaine base and sentenced to a prison term of 320 months. This judgment was affirmed on appeal in 2007. In 2012, Crump filed a § 2255 motion that the court dismissed as untimely. See United States v. Crump, Case No.7:06CR00007-1, 2012 U.S. Dist. LEXIS 23179 (W.D. Va. 2012), appeal dismissed, 474 F. App'x 241 (4th Cir. 2012) (unpublished). Crump then filed additional motions, seeking to require the court to revisit and revise the judgment. The court construed and dismissed these submissions as successive § 2255 motions.

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court must summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings" that the defendant is not entitled to relief.

In his current motion, Crump relies on a federal statute entitled "Review of a sentence," regarding appropriate steps parties may take to appeal a district court judgment to the court of appeals. 18 U.S.C. § 3742. In particular, Crump cites § 3742(g)(2), a section that applies only when the court of appeals has remanded a case to the district court for resentencing. Since Crump's case has not been remanded, this section has no application to his case and does not authorize the court to revisit his sentence. For this reason, the court construed his submission as a § 2255 motion.

As stated, however, Crump has previously sought relief under § 2255, making his current pleading a second or successive § 2255 motion. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Crump offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Accordingly, the court must dismiss his current motion without prejudice as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 18th day of October, 2017.

_____
United States District Judge