CLERK'S OFFICE U.S. DIST. COUR
AT ROANOKE, VA
FILED

APR 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:06CR00007-1 |
| | ) | (CASE NO. 7:18CV81313) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| JAMAL EDWARD CRUMP, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Jamal Edward Crump, a federal inmate proceeding pro se, has submitted a pleading that he titles: "§ 3742(a)(2) REVIEW OF SENTENCE" (ECF No. 115). This section lists types of claims a party may bring in an appeal to the United States Court of Appeals for the Fourth Circuit and provides no authority for the district court to revisit Crump's criminal sentence so long after it was imposed. Therefore, the court construed and docketed Crump's submission as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. After consideration of the record, the court concludes that the motion must be summarily dismissed as successive.[1]

Crump is confined pursuant to the judgment of this court entered in June 2006, whereby he was convicted of possession with intent to distribute five grams or more of cocaine base and sentenced to a prison term of 320 months. This judgment was affirmed on appeal in 2007. In 2012, Crump filed a § 2255 motion that the court dismissed as untimely. See United States v. Crump, Case No.7:06CR00007-1, 2012 U.S. Dist. LEXIS 23179 (W.D. Va. 2012), appeal dismissed, 474 F. App'x 241 (4th Cir. 2012) (unpublished). Crump then filed additional motions, seeking to require the court to revisit and revise the judgment. The court construed and dismissed these submissions as successive § 2255 motions.

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court must summarily dismiss a § 2255 motion where it is clear from the motion, the attachments, and the record of prior proceedings that the defendant is not entitled to relief.

In his current motion, Crump contends that the court must overturn his conviction and sentence in light of the Fair Sentencing Act ("FSA") of 2010 and its reduction of statutory minimum sentences for drug offenses under 21 U.S.C. § 841. Crump is mistaken. Crump was convicted and sentenced, and his conviction became final on appeal, years before the effective date of the FSA. "[T]he reduced statutory minimum sentences enacted in the FSA on August 3, 2010, do not apply retroactively to defendants who both committed crimes and were sentenced for those crimes before August 3, 2010." United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013).

In any event, Crump's § 2255 motion must be summarily dismissed as successive. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Crump has not provided evidence of such certification. Accordingly, the court must dismiss his current motion without prejudice as successive.[2] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and counsel of record for the government.

ENTER: This 26th day of April, 2018.

_____
Senior United States District Judge

---

[2] Crump is hereby advised that he may be eligible to file a petition for commutation of his sentence. See 28 C.F.R. § 1.3 ("No petition for commutation of sentence, including remission of fine, should be filed if other forms of judicial or administrative relief are available, except upon a showing of exceptional circumstances.") To explore this option, he may write to the Pardon Attorney, Department of Justice, Washington, D.C. 20530, to request the required forms and instructions to file a petition for commutation of sentence. See 28 C.F.R. § 1.1.